IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12-cv-03228-RBJ-KMT

BRIAN EDMOND BATH, Real Party in Interest under injury Sui Juris,

    Plaintiff,

v.

RJM ACQUISITIONS LLC,
JAMIE ROZANSKY, and
JOHN AND JANE DOES (1-100),

    Defendants.

## ORDER

    This matter is before the court on "Plaintiff's Motion for Remand" (Doc. No. 8, filed Dec. 21, 2012 ["Mot."]).  Although not yet fully briefed, the court has determined this matter is nonetheless appropriate for review and ruling.  *See* D.C.COLO.LCivR 7.1 C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

    On November 23, 2012, Plaintiff commenced this action in Arapahoe County Court, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., and several state laws.  (*See* Doc. No. 3.)  Defendant filed a Notice of Removal, which alleges that this court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  (Doc. No. 1, filed Dec. 11, 2012.)  Plaintiff filed the instant motion to remand to Arapahoe County Court on December 21, 2012, asserting that because he seeks a maximum monetary award of $3,000 and the non-monetary

relief of deletion of disputed credit information from certain records, the amount in controversy in this case could in no way could exceed the $75,000 threshold applicable to federal diversity jurisdiction. (Mot. at 2-3.) This case, however, is not brought pursuant to diversity jurisdiction.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a civil action from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court, alleging a federal question. 28 U.S.C. § 1441(a). Under the "well-pleaded complaint" rule, jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1447(c) (requiring remand if district court lacks subject-matter jurisdiction).

Plaintiff's Fair Credit Reporting Act claim invokes federal question jurisdiction because it arises under federal statutory law. Because such jurisdiction is clear from the face of Plaintiff's Complaint, and was asserted by Defendant in removing the case, federal subject-matter jurisdiction is established. Consequently, remand is inappropriate.

Therefore, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Motion for Remand" (Doc. No. 8) is **DENIED**.

Dated this 7th day of January, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge